IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States *ex rel.* Donald E. Howard, *et al.*, : | |
| : | Case No. 1:99-CV-285 |
| Relators, : | |
| : | District Judge Susan J. Dlott |
| v. : | |
| : | ORDER DENYING MOTION TO |
| Lockheed Martin Corp., *et al.*, : | DISMISS ALL CLAIMS OF |
| : | RELATORS HARRISON AND MOSS |
| Defendants. : | |

This matter comes before the Court on Defendant Lockheed Martin Corporation's Motion to Dismiss All Claims of Relators Charles Harrison and Morris Moss (doc. 204). Relators Harrison and Moss were added to this suit pursuant to the filing of the Second Amended Complaint on May 13, 2005.  Lockheed now moves to dismiss the claims by Relators Harrison and Moss on the basis of the "first-to-file" rule stated in the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(5).  For the reasons that follow, the Court will **DENY** the Motion to Dismiss.

I.      BACKGROUND

A.      Procedural History

Relators Donald Howard and Larry Wilson filed the initial Complaint (doc. 3) in this action alleging FCA violations against Lockheed and five subcontractors on April 21, 1999.  The Complaint was filed under seal.  The Government then began an investigation into Relators' allegations for the purpose of determining whether to intervene.  On June 11, 2003, Relators Howard and Wilson filed an Amended Complaint.  (Doc. 25.)  The Court partially lifted the seal on the pleadings in this case on August 6, 2003 so Relators could serve a copy of the Complaint

1

and the Amended Complaint on Lockheed. (Doc. 27.)

While this case was in its initial proceedings, Charles Harrison and Morris Moss filed a separate suit alleging FCA violations against Lockheed on January 15, 2002 in the Northern District of Georgia. *Harrison v. Lockheed Martin Corp.*, No. 1:02-cv-118, Dkt. 1 (N.D. Ga. Jan. 15, 2002). The Government became aware of both suits, and upon leave of this Court and of the Northern District of Georgia, informed each set of Relators about the existence of the other. Harrison and Moss then moved to dismiss the second-filed suit. The Northern District of Georgia granted the dismissal motion on February 23, 2005. *Harrison*, No. 1:02-cv-118, Dkt. 36 (N.D. Ga. Feb. 23, 2005).

On May 13, 2005, Relators Howard and Wilson moved for leave to file a Second Amended Complaint in this first-filed suit to add Harrison and Moss as relators. (Doc. 38.) The Government did not oppose the addition of Harrison and Moss to this suit. (*Id.*) The Court granted leave to amend and Relators filed the Second Amended Complaint against Lockheed and eight subcontractors on that same day. (Docs. 39, 40.)

On October 5, 2006, the Government filed a Notice to Decline Intervention in this case. (Doc. 61.) On October 12, 2006, the Court ordered that the Second Amended Complaint be unsealed and served on Defendants, along with the Order and the Notice to Decline Intervention. (Doc. 62.)

On March 13, 2007, Lockheed moved to dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6). (Doc. 65.) Relevant to the pending motion, Lockheed did not assert in the first dismissal motion that Relators violated the first-to-file rule. The Court granted Lockheed's motion in part in an Order dated June 28, 2007.

(Doc. 88.)

The parties, including Relators Harrison and Moss, have engaged in extensive, and sometimes contentious, discovery from 2007 through the present. On July 1, 2011, one month before a scheduled settlement conference, Lockheed filed the pending dismissal motion premised upon the first-to-file rule. The pending motion now is fully briefed and ripe for consideration.

## II.     ANALYSIS

The FCA first-to-file rule provides that "[w]hen a person brings an [FCA action], no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). The rule is jurisdictional. *U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 516 (6th Cir. 2009). "The basis for jurisdiction must be apparent from the facts existing at the time the complaint is brought." *Id.* at 511. In the typical case, the rule "unambiguously establishes a first-to-file bar, preventing successive plaintiffs from bringing related actions based on the same underlying facts." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 971 (6th Cir. 2005) (quoting *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1187 (9th Cir. 2001)). A district court must compare the allegations in the first complaint to the allegations in the second-filed complaint to determine if the first-to-file rule is implicated. *Walburn*, 431 F.3d at 971. If both complaints allege "all the essential facts of the underlying fraud[,]" then the second action is barred. *Id.* (internal quotation and citation omitted).

The rule "furthers the policies animating the FCA by ensuring that the government has notice of the essential facts of an allegedly fraudulent scheme while, at the same time, preventing 'opportunistic plaintiffs from bringing parasitic lawsuits.'" *Poteet*, 552 F.3d at 516 (quoting

3

*Walburn*, 431 F.3d at 970). The Sixth Circuit further explained that "the purpose of the FCA's first-to-file provision is to prevent the filing of *more* qui tam suits once the government already has been made aware of the potential fraud perpetrated against it." *Id.* at 517 (emphasis added); *see also U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 234 (3d Cir. 1998) ("[D]uplicative claims do not help reduce fraud or return funds to the federal fisc, since once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds."). A purported FCA relator must be a "true 'whistleblower.'" *U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1035 (6th Cir. 1994). Therefore, a purported relator lacks standing to file a second, duplicative suit and "collect[ ] a bounty . . if someone else has filed the claim first." *Id.*; *see also Poteet*, 552 F.3d at 515–16 (same).

Lockheed and Relators agree on these basic principles. They further agree that Relators Howard and Wilson were the first to file for purposes of § 3730(b)(5). Moreover, Relators do not dispute that the claims filed by Relators Harrison and Moss in the Northern District of Georgia case shared the same or related facts regarding the alleged fraud as the original claims by Relators Howard and Wilson here. In fact, in seeking leave to file the Second Amended Complaint, Relators Howard and Wilson referred to the claims by Harrison and Moss as "similar" to their own and stated that they "concern[ed] subject-matter closely related to that of this action." (Doc. 38 at 2.) Nonetheless, Relators dispute, and this Court must resolve, whether § 3730(b)(5) bars Relators Harrison's and Moss's claims.

Lockheed contends that the Harrison and Moss claims should be dismissed because the claims were barred at their inception by § 3730(b)(5). The claims would have been subject to

involuntary dismissal for lack of jurisdiction in the Northern District of Georgia. Lockheed insists that the claims likewise should be barred here. Lockheed asserts that this case is analogous to *U.S. ex rel. Nowak v. Medtronic, Inc.*, Nos. 1:08-cv-10368, 1:09-cv-11625, 2011 WL 3208007 (D. Mass. July 27, 2011), and should be treated the same. In *Nowak*, Relator Nowak filed her complaint under seal in Massachusetts in March 2008, while Relator Dodd filed his complaint in a different federal district more than one year later in April 2009. *Id.* at *11. In September 2009, the *Dodd* action was "removed" to the District of Massachusetts and consolidated with the first-filed *Nowak* action. *Id.* Thereafter, the relators reached a relator-share agreement and filed a consolidated complaint in the *Nowak* action. *Id.* Defendant Medtronic then moved for dismissal on multiple grounds, including that Dodd's claims were barred by the first-to-file rule in § 3730(b)(5). *Id.* at *11–12. The district court agreed. *Id.* at *18–19.

The *Nowak* court began its analysis by instructing that the first-to-file rule is "exception-free." *Id.* at *18 (quoting *U.S. ex rel. Duxbury v. Ortho Biotech Products, L.P.*, 579 F.3d 13, 32 (1st Cir. 2009)). The court then compared the allegations made by Nowak to those made by Dodd. *Id.* at *18–19. The court concluded that the claims shared the same essential facts and stated the same elements of fraud. *Id.* Finally, and most relevant to the issue in this case, the *Nowak* court found that the act of consolidating the two suits did not save Dodd's claim from dismissal pursuant to § 3730(b)(5):

> The relators argue that because they have a relator-share agreement and because they submitted a consolidated complaint, Dodd cannot be dismissed from the instant action. This assertion is patently incorrect. Where this court lacks jurisdiction over the claims of a later-added relator due to the first-to-file rule, those claims attributable to that relator—and that relator—must be dismissed. Whether the relator-share agreement survives the dismissal of one relator is a

matter of contract between the relators.

*Id.* at *19 n.14 (internal citation omitted). Lockheed argues that just as Dodd's claims were dismissed after the consolidation of the two cases in *Nowak*, Harrison's and Moss's claims here should be dismissed.

In rebuttal, Relators make two primary arguments why the first-to-file rule does not bar the claims of Relators Harrison and Moss. Both arguments are based on a plain-language interpretation of § 3730(b)(5), which prohibits a purported relator or group of relators from either intervening into an existing suit or filing a successive, related suit. Relators cite a Tenth Circuit opinion for the proposition that intervention for purposes of § 3730(b)(5) is limited to "intervention of the types set forth in [Fed. R. Civ. P.] 24(b)(2), and the addition of parties does not constitute intervention." *U.S. ex rel. Precision Co. v. Koch Industries, Inc.*, 31 F.3d 1015, 1017 (10th Cir. 1994); *but see U.S. ex rel. Manion v. St. Luke's Reg'l Med. Center, Ltd.*, No. CV 06-498, 2008 WL 906022 at *7 (D. Idaho Mar. 31, 2008) (declining to follow *Precision Company* and holding that the term "intervene" should be given its plain meaning, not the strict Rule 24(b) meaning). The court in *Precision Company* allowed an original relator, a corporation, to join two corporate stockholders as relators pursuant to Rule 15 amendment of the pleadings because their joinder did not constitute impermissible intervention in violation of § 3730(b)(5). 31 F.3d at 1018; *see also U.S. ex rel. Sanders v. East Ala. Healthcare Auth.*, 953 F. Supp. 1404, 1408 (M.D. Ala. 1996) (permitting a relator to be added to a first-filed suit if the new relator is "either being related to the original plaintiff or shar[es] a common question of law or fact with the original plaintiff"); *but see Fry v. Guidant Corp.*, No. 3:03-cv-842, 2006 WL 1102397, at *5-6 (M.D. Tenn. Apr. 25, 2006) (disagreeing with *Precision Company* and holding

that new relator could not be added by amendment).  Consistent with *Precision Company*, Relators contend that the addition of Relators Harrison and Moss pursuant to Rule 15 did not run afoul of the first-to-file rule because there was no Rule 24 intervention.

Relators' second argument is that § 3730(b)(5) cannot be used as a basis to dismiss claims from a first-filed suit.  Section § 3730(b)(5) prohibits a purported relator from bringing a successive, related *qui tam* action.  It serves as a bar on duplicative litigation.  *See Poteet*, 552 F.3d at 516.  Relators purport that the bar on successive litigation is not applicable here where only the first-filed lawsuit is pending.

Upon consideration of the parties' arguments, the Court agrees with Relators' interpretation of § 3730(b)(5).  Neither party was able to identify binding authority on all fours with the present case.  *Nowak*, the recent decision relied upon by Lockheed in a district court dismissed the second-filed set of FCA claims in a consolidated action, is not binding on this Court.  Though the procedural circumstances are not fully set forth in the decision, two separate pending cases were consolidated in that case.  *Nowak*, 2011 WL 3208007 at *11.  Here, Harrison and Moss voluntarily dismissed their separate lawsuit more than six years ago.  Harrison and Moss did not have a separate lawsuit pending when they were added to this action pursuant to the Second Amended Complaint.  Moreover, the *Nowak* court provided no analysis to explain whether the *Dodd* claims were barred as being brought by intervenors or as a related action, and how it reached that conclusion.  *Id.* at *18–19.  This Court cannot adopt the *Nowak* court conclusion on the basis of such limited analysis.

Additionally, policy considerations favor Relators.  Relators in this action have acted in a manner consistent with the first-to-file rule.  One purpose of the rule is to inform the

Government of the alleged fraud. The Government became aware of the two sets of claims before the Relators. The Government did not oppose the motion to add the Harrison and Moss claims to this action by Rule 15 amendment after Harrison and Moss dismissed their separate Georgia action. (Doc. 38 at 1.) Relatedly, the addition of the Harrison and Moss claims does not require the duplicative expenditure of time and resources that a separate action in Georgia would have entailed. The first-to-file rule also purports to avoid parasitic claims. *See Poteet*, 552 F.3d at 516. The Relators here have reached a private agreement as to the distribution of any recovery. Lockheed is not at risk for multiple or inconsistent judgments by the addition of Relators Harrison and Moss to this action.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Lockheed Martin Corporation's Motion to Dismiss All Claims of Relators Charles Harrison and Morrison Moss (doc. 204) is **DENIED**.

IT IS SO ORDERED.

    s/Susan J. Dlott
Chief Judge Susan J. Dlott
United States District Court